**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000744
27-JUL-2015
07:46 AM**

NO. CAAP-12-0000744

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff-Appellee, v.
JACOB H. KANA, SR., and CHARLENE E. KANA, Defendants-Appellants,
JOHN DOE OR JANE DOE; ALL PERSONS RESIDING WITH AND ANY PERSONS
CLAIMING BY AND THROUGH OR UNDER THEM, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(DC-CIVIL NO. 2RC11-1-3062)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Jacob H. Kana, Sr., and
Charlene E. Kana (collectively, the Kanas) appeal from the
July 30, 2012 (1) Findings of Fact, Conclusions of Law, and Order
Granting Plaintiff's Motion for Summary Judgment and Denying
Defendants' Motion to Dismiss Complaint and (2) Judgment for
Possession entered by the District Court of the Second Circuit,
Wailuku Division (District Court).[1]

On appeal, the Kanas argue[2] that (1) issues of title
were properly raised, divesting the District Court of

---

[1]    The Honorable Blaine J. Kobayashi presided.

[2]    The Kanas' Opening Brief fails to conform to the Hawai'i Rules of
Appellate Procedure (HRAP) Rule 28. Specifically, within the Kanas' Statement
of the Case they fail to provide accurate citations to the record where the
statements in the Kanas' motion to dismiss were made. See HRAP Rule 28(b)(3)..

    Furthermore, the Kanas failed to timely provide within ten days
after filing their notice of appeal a certificate that no transcripts were to
be prepared for the record. See HRAP Rule 10(b)(2).

    Counsel is warned that future violations of the rules of court may
result in sanctions.

jurisdiction, thereby invalidating the judgment and writ of possession and (2) summary judgment was improperly granted because (a) the moving papers for summary judgment were deficient as a matter of law, (b) the movant did not disprove the Kanas' affirmative defenses, and (c) there were genuine issues of material fact regarding the foreclosure and the Federal Home Loan Mortgage Corporation's (FHLMC) legal standing.

After a careful review of the issues raised and arguments made by the parties, the record, and the applicable legal authority, we resolve the Kanas' points on appeal as follows and affirm.

1.   The District Court did not err in its determination that the Kanas did not specify with sufficient detail their claim to title of the subject property to divest the District Court of jurisdiction over this case.   U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 34, 313 P.3d 717, 723 (2013).

2a.   In its motion for summary judgment, the FHLMC provided certified copies of the Mortgagee's Quitclaim Deed Pursuant to Power of Sale showing the transfer of the subject property from BAC Home Loans Servicing (BAC) to FHLMC; the Mortgagee's Affidavit of Foreclosure Under Power of Sale, establishing that the foreclosure sale was conducted in compliance with Hawaii Revised Statutes §§ 667-5 through 667-10; Notice of Mortgagee's Intention to Foreclose Under Power of Sale, which evidenced a posting and publication of the notice at the subject property; and Assignment of Mortgage from U.S. Financial Mortgage Corp. to BAC, the latter of which eventually conducted the non-judicial foreclosure sale.   These documents established a chain of ownership from the original lender, U.S. Financial Mortgage Corp., to the Plaintiff-Appellee, FHLMC.   Thus, FHLMC produced sufficient evidence in support of its motion for summary judgment, showing it to be the legal owner of the subject property pursuant to the non-judicial sale that took place on March 30, 2011.

2b.   FHLMC was not required to disprove the Kanas' affirmative defenses.   GECC Fin. Corp. v. Jaffarian, 79 Hawaiʻi

2

516, 904 P.2d 530, aff'd, 80 Hawai'i 118, 119, 905 P.2d 624, 625 (1995).

2c. The Kanas failed to establish there was a genuine issue of material fact justifying the denial of the motion for summary judgment. The only evidence produced by the Kanas in favor of their position was Charlene E. Kana's (Charlene) affidavit, which contains conclusory assertions and irrelevant averments. Charlene merely "disputed" that FHLMC and BAC had title to the property and that BAC "was able to foreclose" on the subject property but alleged no facts supporting this conclusion. As Hawai'i Rules of Civil Procedure (HRCP) Rule 56(e) requires,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, . . . the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Because the Kanas provided no factual support for their claims pursuant to HRCP Rule 56(e), the District Court properly awarded summary judgment to FHLMC.

Based on the foregoing, the July 30, 2012 (1) Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion to Dismiss Complaint and (2) Judgment for Possession entered by the District Court of the Second Circuit, Wailuku Division, are affirmed.

DATED: Honolulu, Hawai'i, July 27, 2015.

On the briefs:

Robin R. Horner,
for Defendants-Appellants.

Robert E. Chapman and
Mary Martin
(Clay Chapman Iwamura Pulice &
Nervell)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3